## BLANK et al.

### v.

## PARKER et al.

Ohio Court of Common Pleas,
Miami County.

No. 97–306.

Decided June 4, 1998.

*Carmine Garofalo* and *John Smalley,* for plaintiffs.

*James D. Utrecht, Christopher Clark, Margaret R. Young* and *Susan M. Scalzo,* for defendants.

JEFFREY M. WELBAUM, Judge.

This case involves a personal injury action during the discovery phase of litigation. This matter came on for the court's consideration upon the motion of plaintiffs filed April 13, 1998, to compel the defendants, James D. Parker and Kenneth G. Myers Construction Company, hereinafter referred to as "defendants," to produce plaintiff Marci R. Blank's medical records to plaintiffs at no

cost, which defendants obtained pursuant to medical authorizations provided to counsel for defendants. The defendants filed a memorandum in opposition on April 15, 1998.

Defendants contend, and plaintiffs do not dispute, that defendants previously requested the complete medical records from plaintiffs but received incomplete records. Thereafter, the defendants obtained the records from the medical providers by using the medical authorizations voluntarily provided by plaintiff Blank. There were no agreements between the attorneys regarding sharing the cost of the medical records. The plaintiffs made an informal demand for the records, and the defendants offered to provide copies of the medical records at one half of the purchase price that defendants had paid. The plaintiffs then filed this motion.

The defendants claim that the medical records are "work product." "Work product" is defined as material "prepared in anticipation of litigation or for trial by or for another party." Civ.R. 26(B)(3). Factual materials generally do not constitute work product. Federal Procedure (Lawyers Ed.1994), Section 26:497, at 106.

Resolution of this issue is important. If the medical records are work product, then plaintiffs are not entitled to receive them from defendants. The requesting party must show that it has a substantial need of the work product materials in preparation of the requesting party's case and that the requesting party is unable to obtain the substantial equivalent of such materials by other means. Civ.R. 26(B)(3); *Toledo Edison Co. v. G A Technologies, Inc.* (C.A.6, 1988), 847 F.2d 335. Plaintiffs have not even attempted to demonstrate such facts. Likewise, there has been no showing by defendants that plaintiff Marci R. Blank's medical records fall under this definition of "work product." There is no claim by defendants that they did anything involving preparation of the documents. They merely purchased copies of the medical records.

On the other hand, it has been held that a party is not entitled to demand discovery from the opposing side if the demanding party has equal access to the documents in question. 23 American Jurisprudence 2d (1983), Depositions and Discovery, Section 265, at 573. This holding has been applied to deny a plaintiff's motion to compel production of copies of hospital medical records in the possession of the defendant where the plaintiff had equal access to them through the hospital. *A.B. Dick Co. v. Marr* (W.D.Mo.1949), 9 F.R.D. 99. Nonetheless, there is an interplay of several competing interests that must be considered here.

The court is granted broad discretion to regulate discovery disputes equitably. A copy of the complete medical records is desired by both sides in this case. Possession of the records is a common ground in these circumstances. If

the cost is shared, all parties benefit. There has been no showing of undue hardship or other special circumstance which would make an equal sharing of the cost of the medical records unfair.

Therefore, plaintiffs' motion to require the defendants to provide plaintiffs with copies of plaintiff Marci R. Blank's medical records is not well taken and is overruled. However, it is ordered that defendants shall provide the medical records to counsel for plaintiffs upon receipt of one half the purchase price of the documents.

IT IS SO ORDERED.

*Judgment accordingly.*